[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This tax appeal involves the assessment of value placed upon the plaintiff's property located on Old Gate Lane, Milford following a statutorily mandated revaluation on October 1, 1991. The plaintiff, a corporate subsidiary of United Parcel Service, purchased two buildings located on one side of Old Gate Lane as well as an undeveloped parcel across the street. The property was purchased by the plaintiff in 1989 and consisted of two buildings in the nature of warehouses on one tract with the adjacent tract being undeveloped. The purchase price was $7,750,000. It was the intention of the plaintiff to renovate the building retaining the exterior and upon completion of alterations to use the buildings as a distribution center for its package delivery operations. The plaintiff set about gutting the buildings and had essentially completed that phase of its plans prior to the revaluation which resulted in the reassessment of October 1, 1991. The project completed by the plaintiff was halted prior to October 1991 because of a downturn in economic conditions which apparently suggested to the plaintiff and United Parcel Service that the benefit to be derived from the facility and the cost of renovation did not merit proceeding with the project.
The property was evaluated by the assessor's office of Milford in its "gutted" state and remains substantially in the same physical condition at this time, natural wear and tear excepted, having been boarded up when the decision was made not to proceed.
On October 1, 1991 the Town of Milford determined the fair market value of the two parcels with improvements thereon to be $6,143,200. In 1994 the evaluation of the undeveloped tract was reduced to resulting in an adjusted total fair market value of $5,712,500 and the 70% assessment was reduced accordingly. Aside from that reduction the 1991 assessment has remained as the basis for the tax burden imposed upon this property from the period October 1, 1991 to October 1, 1996. The plaintiff, for reasons best known to itself, did not challenge the assessment of October 1, 1991 but instead presumably paid the taxes imposed on the property for 1992 and 1993 and then brought the instant action for the assessment year 1994 and for subsequent years to CT Page 9338 date as the complaint has been amended.
It is the claim of the plaintiff that the determination of fair market value as reflected on the Grand List of October 1, 1991 was grossly in excess of the true market value and this assessment having been continued in subsequent years by the Town of Milford is today grossly excessive, disproportionate and unlawful.
As pointed out in the post trial brief filed on behalf of the defendant, Town of Milford, the plaintiff did not pursue an appeal of the October 1, 1991 assessment. This assessment was mandated by General Statutes 12-62 which calls for a periodic revaluation of real estate at least every ten years. The assessments derived from each such revaluation "shall be used for the purpose of levying property taxes in such municipality in the assessment year in which such revaluation becomes effective andin each assessment year thereafter until the next succeedingrevaluation" (underlying mine). Should a taxpayer feel aggrieved by any action or determination of the municipality taken under the provisions of Chapter 203 — Property Tax Assessment, such taxpayer could proceed under Section 12-65f — Appeal, for a review of the municipalities' actions. As noted above, the plaintiff took no action concerning this assessment of October 1, 1991 until May 12, 1995 when this action was filed contesting the assessment of October 1, 1994 and following the unfavorable determination of the Board of Tax Review.
Former Justice Jay Rubinow, now a Judge Referee, in the case of Jupiter Realty Company v. Town of Vernon, Tolland J.D. at Rockville, 2 Conn. Opn. 1007 (decided August 9, 1996) had for his consideration a case similar to this one where the initial assessment following a revaluation was not appealed when initially imposed but the landowner delayed for a year and pursued its appeal in a subsequent assessment year. The appeal was based upon the later assessment which was identical to the prior assessment from which no appeal had been prosecuted.
Judge Referee Rubinow pointed out that, in dicta, the Supreme Court has not required assessors to reduce assessments in the years intervening between decennial revaluations, absent special circumstances. Special circumstance would not include market fluctuations or other normal events but might include perhaps destruction or expansion of the property. See Ralston
CT Page 9339Purina Co. v. Board of Tax Review, 203 Conn. 425, 435-39.
There does not appear to be any special circumstances present in the plaintiff's situation as regards this property and its revaluation of October 1, 1991 which would require the assessor to alter his valuation of October 1, 1991. The plaintiff claims only that the 1991 revaluation was grossly excessive.
Judge Referee Rubinow concluded that a property owner could not require an assessor to reduce an assessment solely on the ground that the decennial revaluation, which was not appealed, overvalued the plaintiff's property. If a property owner does not make timely use of his rights to challenge his decennial revaluation he loses his rights to challenge it in a subsequent assessment year barring any change in circumstances.
This case appears to fall within the determinations expressed in Ralston Purina Co. vs. Board of Tax Review,203 Conn. 425, 438-40 and Uniroyal, Inc. v. Board of Tax Review,182 Conn. 619, 629.
Accordingly, the appeal is dismissed.
GEORGE W. RIPLEY, JUDGE REFEREE